**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN LIU,<br><br>        Petitioner,<br><br>        v.<br><br>MARCUS POLLARD, Warden,<br><br>        Respondent. | Case No. CV 17-7465-SB (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On July 8, 2020, Petitioner filed Objections to the R. & R., in which he mostly repeats arguments from his Petition and Traverse. In light of his complaint that because of the COVID-19 pandemic he had limited law-library access while preparing the Objections (see Objs. at 1-2), the Magistrate Judge sua sponte granted him additional time to file supplemental objections and then granted his two requests for a further extension. On October 14, 2020, Petitioner filed Supplemental Objections, in which he primarily

reiterates the arguments raised in his Objections.[1]  Respondent has not responded to the Objections or Supplemental Objections.

    Although he mostly spends his time discussing their merits (see id. at 3-5), Petitioner also seems to contend that the Magistrate Judge erred in finding grounds one through three and six procedurally defaulted (id. at 2-5).  Specifically, he argues that the Petition's claims were "presented in a timely manner" to the state courts.  (Id. at 2.)  But as the Magistrate Judge recognized as to claims one through three, and as the Court previously found (see Aug. 31, 2018 R. & R. at 6-8; Oct. 10, 2018 Order Accepting R. & R.), the claims were barred because they should have been raised on direct appeal, not because they were untimely, and the Magistrate Judge rightly rejected Petitioner's argument that his appellate attorney's ineffectiveness excused his procedural default because that claim, which was previously dismissed from the Petition, was unexhausted (see R. & R. at 23-24).

    Petitioner also asserts that his procedural default should be excused because there was "no remedy [to be] found within the

---

[1] **Error! Main Document Only.**Petitioner still maintains that he has been denied law-library access (Suppl. Objs. at 6), and he emphasizes that he has "limited knowledge and understanding" of English and no "knowledge and understanding of the legal procedures and processes" (id. at 7).  But he did not request additional time to file his Supplemental Objections, and his burden to establish entitlement to federal habeas relief is not lessened by his pro se status.  To the extent he claims he received ineffective assistance from a fellow inmate in preparing his Objections and Supplemental Objections (see id. at 6-8), there is no constitutional right to counsel in federal habeas proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

state's courts," suggesting that they would be reluctant to ever find prosecutorial misconduct. (See Objs. at 4; Suppl. Objs. at 4.) But "[i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." Engle v. Isaac, 456 U.S. 107, 130 (1982) (rejecting argument that "cause" excusing procedural default was shown when raising claim in state court would have been futile). Because Petitioner has failed to show that his default was excused by cause or actual prejudice, the Magistrate Judge didn't err by not addressing grounds one through three and six on the merits. (See Objs. at 6.)

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: November 23, 2020

STANLEY BLUMENFELD, JR.
U.S. DISTRICT JUDGE